**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1845
_____

FRIEDRICH LU,
                              Appellant

v.

JANE E. YOUNG; JOE H. TUCKER, JR.; LESLIE M. GREENSPAN;
TUCKER LAW GROUP LLC; LYNN CHARYTAN; ALYCIA S. HORN;
COMCAST CABLE COMMUNICATIONS LLC; BISOLA OJIKUTU;
TIMOTHY J. HARRINGTON; BATOOL RAZA; WHITNEY C. PASTERNACK;
BOSTON PUBLIC HEALTH COMMISSION; MARK L. WOLF; WALTER T.
MITCHELL; JAHAD HASAN; ERIC T. DONOVAN; DAVID T. DONNELLY;
STEVEN TANKLE; JEFFREY A. LOCKE; CATHERINE O'HAGAN WOLFE;
GEORGE V. WYLESOL; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01239)
District Judge:  Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2024
Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 16, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**PER CURIAM**

Pro se appellant Friedrich Lu, who resides in Massachusetts, filed suit against various individuals and entities, including employees of the Boston Public Health Commission ("BPHC"). Lu alleged that the defendants engaged in a sprawling and vast conspiracy and violated his constitutional and statutory rights. After purporting to have served the defendants, Lu filed a "motion . . . for a temporary restraining order [("TRO")] and preliminary injun[c]tion" against defendant Bisola Ojikutu, the executive director of BPHC. The District Court denied the motion, and Lu filed a notice of appeal, which he also noted would "double as [a] petition for mandamus." ECF No. 16.

While this appeal was pending, most of the defendants, in three groups, and including Ojikutu, moved to dismiss the complaint on various grounds. The District Court granted the motions to dismiss and dismissed the claims against the moving defendants with prejudice. ECF No. 63. The District Court also dismissed the remaining defendants from the action without prejudice for lack of proper or timely service under Rule 4(m) of the Federal Rules of Civil Procedure. Id. Lu took another appeal, which is pending at C.A. No. 23-2496.

In his brief, Lu argues that the District Court erred in denying his motion for injunctive relief, and he repeats his request for mandamus relief, namely an order requiring the District Judge to recuse. Ojikutu has filed a motion to dismiss Lu's appeal for "lack of personal jurisdiction."[1] 3d Cir. Doc. No. 12 at 1.

---

[1] In her brief, Ojikutu repeats her request that we dismiss this appeal because we, and the District Court, lack personal jurisdiction over her. Some of the other appellees

We do not reach Lu's arguments about the merits of the District Court's decision to deny Lu's "motion . . . for a temporary restraining order [("TRO")] and preliminary injun[c]tion" because the District Court's subsequent order dismissing Lu's complaint moots this appeal.[2] See Hankins v. Temple Univ., 829 F.2d 437, 438 n.1 (3d Cir. 1987) ("[Appellant's] interlocutory appeal from the denial of her motion for a preliminary injunction was rendered moot by the issuance of the district court's final order on the merits.").

To the extent that Lu seeks mandamus relief, namely an order requiring the District Judge's recusal, we deny his request. "The writ of mandamus is an 'extreme' remedy reserved for only the most 'extraordinary situations.'" In re Abbott Laboratories, 96 F.4th 371, 379 (3d Cir. 2024) (citation omitted). The District Court proceedings appear ordinary; no evidence of bias or any other reason that would require recusal is

---

join her brief, while others have stated a "position of non-involvement," 3d Cir. Doc. No. 56, or have been excused from filing a brief, see 3d Cir. Doc. No. 64.

[2] We note that the motion is best construed as a motion for a preliminary injunction when his request to restore beds to a homeless shelter is considered in the context of his complaint, which included the allegation that Ojikutu abruptly removed approximately eight beds out of the shelter, see ECF No. 1 at 11. See In re Arthur Treachers Franchisee Litig., 689 F.2d 1150, 1155 n.7 (3d Cir. 1982) (explaining that we look "beyond terminology" to the actual effect of the order sought to determine whether a motion is better construed as requesting a TRO or a preliminary injunction); see also In re Pressman-Gutman Co., Inc., 459 F.3d 383, 392 (3d Cir. 2006) (defining an injunction as an order "designed to accord or protect 'some or all of the substantive relief sought by the complaint' in more than a [temporary] fashion") (quoting Cohen v. Bd. of Trustees, 867 F.2d 1455, 1465 n. 9 (3d Cir. 1989) (en banc)). We further note that to the extent that his motion could be construed as including an implicit request for a bed for a night that could be considered a request for a TRO, we would not have jurisdiction over the appeal anyway. See Hope v. Warden York Cnty. Prison, 956 F.3d 156, 159 (3d Cir. 2020); Vuitton v. White, 945 F.2d 569, 573 (3d Cir. 1991).

3

apparent, regardless of whether the District Judge understood that Lu was charging him "with misconduct for extrajudicial source," ECF No. 13 at 9, and despite Lu's questions about the "integrity of the court," id. at 11.[3] See generally 28 U.S.C. § 455 (setting forth standards of recusal); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").

To sum, we will dismiss the appeal as moot, and we deny Lu's request for mandamus relief. We also deny Lu's motion to appoint a special master and Ojikuto's motion to dismiss the appeal for lack of personal jurisdiction.[4]

---

[3] To the extent that Lu's request for mandamus relief is also a challenge to any of the District Court's rulings, he may not use mandamus as a substitute for appeal. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

[4] We grant Ojikutu's motion to supplement the appendix. We note that Ojikutu is not entitled to recover costs for any documents included in her supplemental appendix which are duplicative of documents contained in Lu's appendix.